### JESSE HUSE *vs.* CITY OF LOWELL.

If one who has been authorized by the school committee of a city to take charge of an evening school employs a person to render needful assistance in preserving order outside of the door while the school is in session, the city is liable to pay a reasonable compensation to such person, although the committee have never acted as a body upon this particular matter; and, in such case, evidence is incompetent to show that in former years the school was under the sole control of the committee, or that the committee had rejected the claim for compensation.

A truant officer, appointed under Gen. Sts. c. 42, § 5, does not hold over after the expiration of his year, although no other has been appointed in his place.

CONTRACT brought to recover for services rendered by the plaintiff to the defendants. At the trial in the superior court, before *Putnam,* J., a verdict was returned for the plaintiff, by direction of the court, upon facts which are sufficiently stated in the opinion. The defendants alleged exceptions.

*T. Wentworth,* for the defendants, cited *Perley* v. *Georgetown,* 7 Gray, 464.

*T. H. Sweetser & A. F. Jewett,* for the plaintiff.

CHAPMAN, J. The first item in dispute between the parties is the charge for services as an officer to keep order about the building in which one of the free evening schools of the city was kept It appears that the city council appropriated a certain sum ($500) to support the schools of this character, and that a small sum ($14) was added to it by the contributions of individuals. Rev. Mr. Wood, the city missionary, who had originally established these schools, was authorized by the school committee to take charge of them, and did so, and had charge of them during the time when the plaintiff performed his services. He deemed it necessary that the plaintiff should perform the service, and requested him to do so. He also applied to the mayor, who was

a member of the school committee, and the mayor designated the plaintiff as a proper person to be employed, and did employ him. But it is objected that the school committee, as a body were not consulted and did not act on the subject, and therefore there was no legal contract made with the plaintiff which is binding upon the city.

It is true that, in the establishment of schools, some of the duties to be performed by the school committee must be by formal votes, passed at regular meetings. But the charge and superintendence of schools which they are to take is general. Gen. Sts. *c.* 38, § 16. It need not be particular, or extend to subordinate matters. It would be impracticable to make it so. The keeping of the school-houses clean and in repair, the supply of fuel and care of fires, must be delegated to some one. The preservation of order is necessarily delegated to the teacher in ordinary cases, and in extraordinary cases the superintendent may furnish him with such assistance as is necessary and reasonable. The plaintiff was employed by the superintendent to aid the teacher in preserving order at the evening school about the door of the house, where it appears that persons not belonging to the school assembled and were inclined to make disturbance. It was obviously proper that a police officer should be employed to render this assistance to the teacher; for the teacher's attention could not with propriety be drawn from his duties inside, to keep order at the door. This is a subordinate matter, which it would be unreasonable to regard as belonging to the school committee exclusively, and not capable of delegation. The court are of opinion that it was within the fair interpretation of the authority granted to Mr. Wood, and that the plaintiff is entitled to recover for the service thus rendered by him.

The bills of expenses incurred for the schools in former years, the rejection of the plaintiff's bill by the school committee, and the records of the school committee rejecting the plaintiff's bills were properly excluded as evidence. They had no tendency to prove that Mr. Wood had not authority to employ the plaintiff or that he did not perform the service.

The item for services as truant officer from January 13th te

February 24th 1863 cannot be recovered. A truant officer does not hold over until another is appointed, but his office expires at the end of the municipal year. Gen. Sts. *c.* 42, § 5. The plaintiff was appointed in January 1862. Two other truant officers were appointed at the same time. On the first Monday of January 1863 the city government went out of office. On the 13th of January 1863 two truant officers, only one of whom was an officer of the preceding year, were appointed for that year. If we were to hold that any of the old officers held over, we could not determine whether it was the plaintiff. But the appointment of two new officers must be regarded as terminating the official power of the former officers.